UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS ANTONIO GARCIA-REYES,   :
                             :
        Petitioner           :
                             :
    v.                       : CIVIL NO. 3:CV-07-1284
                             :
THOMAS DECKER,               : (Judge Kosik)
                             :
        Respondent           :

**MEMORANDUM and ORDER**

_____Presently before the court for disposition is the petition for writ of habeas

corpus filed by Luis Antonio Garcia-Reyes, a detainee of the United States

Immigration and Customs Enforcement ("ICE"), wherein he is seeking release from

detention.  (Doc. 1.)  A response to the petition and supporting exhibits have been

filed by Respondent.  For the reasons set forth below, the petition will be denied

without prejudice.

I.    **Background**

        Garcia-Reyes, a native and citizen of the Dominican Republic, was admitted to

the United States on February 2, 1980, as a lawful permanent resident.  (Doc. 20, Ex.

1.)  On June 25, 2000, he was convicted in a state court in New York for criminal

possession of marijuana.  (Id., Ex. 2.)  On November 1, 2004, Garcia-Reyes was convicted in the Supreme Court of New York for the offense of criminal possession of a controlled substance in the fifth degree.  (Id., Ex. 1.)  Based on this conviction, ICE commenced removal proceedings against him by filing a Notice to Appear dated February 28, 2005.  (Id.) He was charged as removable from the United States pursuant to § 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227 (a)(2)(B)(i).  On July 26, 2005, additional allegations were filed by ICE.  (Id., Ex. 2.)

Thereafter, Garcia-Reyes applied for relief under the Convention Against Torture.  On November 1, 2005, an Immigration Judge ("IJ") denied the application and ordered him removed from the United States to the Dominican Republic.  (Id., Ex. 3.)  Garcia-Reyes appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  On March 21, 2006, the BIA dismissed the appeal and ordered Garcia-Reyes removed.  (Id., Ex. 4.)

On April 17, 2006, Garcia-Reyes filed a petition for review and motion for stay of removal in the United States Court of Appeals for the Second Circuit.  (Id., Ex. 5.) A stay of removal was granted in accordance with the forbearance policy of ICE, the United States Attorney's Office for the Southern District of New York, and the Second Circuit Court of Appeals.  (Id., Ex. 6.)

Garcia-Reyes filed this petition for writ of habeas corpus on July 16, 2007.  On October 2, 2007, ICE decided to release Garcia-Reyes under an Order of Supervision

upon the posting of a $15,000 bond.  (Id., Ex. 7.) Garcia-Reyes filed a request that the

bond be reduced.   While ICE was reviewing the request, the Second Circuit Court of

Appeals dismissed Garcia-Reyes' petition for review and lifted the stay on November

16, 2007. (Id., Ex. 5.)

## II.    Discussion

Detention, release, and removal of aliens ordered removed is governed by the

provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety

days to remove an alien from the United States after his order of removal, during

which time detention is mandatory.  Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i)    The date the order of removal becomes
>        administratively final.
>
> (ii)   If the removal order is judicially reviewed and if the
>        court orders a stay of the removal of the alien, the
>        date of the court's final order.
>
> (iii)  If the alien is detained or confined (except under an
>        immigration process), the date the alien is released
>        from detention or confinement.  At the conclusion of
>        the 90 day period, the alien may be held in continued
>        detention, or may be released under continued
>        supervision.  8 U.S.C. §§ 1231.

8 U.S.C. § 1231.

When a stay of removal has been ordered, the ninety (90) day removal period

begins to run only when the court entering the stay issues a "final order."  8 U.S.C.

§ 1231(a)(1)(B)(ii).  Further, the regulations provide, in pertinent part, that the removal period "shall begin on the latest of the following dates:. . . (B) if the ... court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed. . . .".  8 C.F.R. § 241.4(g)(1)(i)(B).  See Harrison v. Hogan, 2005 WL 2020711 (M.D. Pa. July 18, 2005); Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005).

The final order on Garcia-Reyes' claim was entered on November 16, 2007.  At that time, the stay was lifted and the removal period commenced.  As of this date, Garcia-Reyes is still within the mandatory 90-day removal period.  That period expires on February 14, 2008.  At that time, it is anticipated that Garcia-Reyes will be provided with a meaningful review of his custody status in accordance with the procedures embodied in 8 C.F.R. § 241.4(i).

Based on the foregoing, the petition will be denied without prejudice to Garcia-Reyes to file a petition under 28 U.S.C. § 2241 challenging the detention decision if, following his custody review, ICE determines that detention should be continued.

**ACCORDINGLY,** this 10th day of December, 2007, **IT IS HEREBY**

**ORDERED THAT:**

1.    The petition for writ of habeas corpus is **denied without prejudice**.

2.    The Clerk of Court is directed to **close this case.**

*/s/ EDWIN M. KOSIK*
United States District Judge